BEFORE THE FIRST DIVISION, JUNE 4, 1957

No. 60817.—Iceland Products, Inc., and D. J. Ambrosio *v.* United States, protest 229992–K (New York).

WILSON, Judge: The merchandise in this case, which was imported from Iceland, was invoiced as "Fish Bits." The goods were classified by the collector under the provisions of paragraph 717 (b) of the Tariff Act of 1930 *as* "Fish filleted—Rosefish," and assessed with duty at 2½ cents per pound. Plaintiffs claim that the so-called "Fish Bits" are not properly classifiable under the common meaning of any of the fish items enumerated in paragraph 717 (b), *supra*, but are dutiable under paragraph 720 (b), as modified by the General Agreement on Tariffs and Trade, T. D. 51802, which provides for "Fish, prepared or preserved, not specially provided for: * * * In bulk or in immediate containers, weighing with their contents more than fifteen pounds each" at the rate of 1 cent per pound, or, in the alternative, under paragraph 1555, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, as "Waste, not specially provided for," at the rate of 4 per centum ad valorem.

The undisputed testimony in this case shows that the "Fish Bits" under consideration are produced in the following manner, as described by Herbert John Placanica, the only witness called in the case and the man at whose suggestion "Fish Bits" were first prepared for commercial use:

Q. Will you please describe that process?—A. Yes. What they do, when you process fillets you remove the two sides of the fish. You have a whole fillet with the skin on. And then these fillets are put through a skinning machine which removes the skin from the fillet. And then the operators have to trim these fillets because when you cut with a knife that fillet comes off of the fish in a ragged form. And the edges—these are the edges that are taken off to give a straight edge, to make the fillet in this form that the consumer desires. And these trimmings that are taken off the sides of the fillet are the trimmings. Also, when you remove the fillets from a fish there is a certain amount of loose flesh that is attached to the backbone of the whole fish. And this loose flesh is torn away from the bone. And then all these trimmings and the torn flesh is put in stainless steel or monel containers. And they are conveyed to these girls who pack them in these molds to make a 7-pound block. And then these 7-pound blocks—it's just a mass of loose, irregular, torn flesh, trimmings, put into a mold to form a regular-shaped block, which is the 7-pound block. Then this fresh block is wrapped with parchment paper and still in this form they are put in these plate freezers and they are quick-frozen. After they are quick-frozen they are removed from the form and they are given what we call a glaze bath. In other words, the frozen block is submerged quickly in a bath of a weak salt brine which freezes them immediately and forms an ice glaze. And the purpose of the ice glaze is to seal against dehydration. Then these 7-pound blocks are massed in 8 blocks to the case.

Q. Is that what is meant by the 8 by 7 on the invoice?—A. That is correct; that is 8 7-pound blocks in a master case.

Q. There are 8 blocks of 7-pounds each?—A. That's correct. (R. 13–14.)

 \* \* \* \* \* \* \*

Q. What is it wrapped in?—A. In vegetable parchment paper.

Q. Do you know whether that is airtight or not?—A. It all depends how you term airtight. I wouldn't say it was air-sealed, no. (R. 15.)

\* \* \* \* \* \* \*

Q. Going back to the origin of the trimmings that you referred to, you say that the trimmings are obtained as a by-product in producing something, is that right—something else?—A. It is obtained—well, the trimmings are the by-products of this processing of fish into fillets.

Q. All right. They are producing fillets?—A. They are producing fillets; that is correct.

Q. Of what kinds of fish?—A. Basically cod, but you could have a mixture of cod, haddock, and catfish, and we may term it generally as any white-flesh fish.

Q. And are the trimmings and the loose flesh that you referred to before from the various fish or only one fish put into these blocks that are imported?—A. No; it's from the various fish because basically it is cod but it's from various fish. (R. 15–16.)

The testimony of Mr. Placanica further shows the "Fish Bits," assembled and frozen into blocks from the scraps of material derived from trimming the fillets and from the miscellaneous bits of flesh remaining on the backbone of the fish, after the fillets have been cut therefrom, do not come within the meaning of any of the items enumerated in paragraph 717 (b) of the tariff act. All the fillets of frozen and fresh fish described in paragraph 717 are sold directly to the consuming public, as packed and in the condition as imported. On the other hand, the "Fish Bits" imported in the 7-pound frozen blocks, hereinbefore described, are never sold for direct consumption, as imported, but find a market only with companies who process the fish bits into fish flakes or fish cakes (R. 21–22).

Pertinent portions of the tariff act here under consideration read as follows:

Paragraph 717 (b) of the Tariff Act of 1930:

Fish, fresh or frozen (whether or not packed in ice), filleted, skinned, boned, sliced, or divided into portions, not specially provided for, 2½ cents per pound.

Paragraph 720 (b), as modified by T. D. 51802:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 720 (b) | Fish, prepared or preserved, not specially provided for: <br> \* \* \* \* \* \* \* <br> In bulk or in immediate containers, weighing with their contents more than fifteen pounds each_____ | 1¢ per lb. net wt. |

Paragraph 1555, as modified by T. D. 52739:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1555 | Waste, not specially provided for_____ | 4% ad val. |

From the facts in this case, it is clear that the merchandise under consideration is not "Fish * * * filleted, skinned, boned, sliced, or divided into portions, not specially provided for," but is, rather, "Fish, prepared or preserved, not specially provided for." We agree with the statement in plaintiffs' brief that "Fish Bits" are not made up of a solid piece. "Instead they are made of loose pieces, irregular in shape and size. No particular fish can be identified when the fish bits are in block form."

We are of the opinion that, in the instant case, the provisions of paragraph 717 (b) of the Tariff Act of 1930 are not applicable to the imported merchandise, and we hold that the merchandise is properly classifiable under the provisions of paragraph 720 (b) of the act, as modified by T. D. 51802, *supra*, as "Fish, prepared or preserved, not specially provided for: * * * In bulk or in immediate containers, weighing with their contents more than fifteen pounds each," at the rate of 1 cent per pound, as claimed. It will, therefore, be unnecessary to consider the alternative claim of the plaintiffs under paragraph 1555 of the tariff act, as amended. The protest claim herein is sustained. Let judgment be entered accordingly.