473

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of carrizo baskets the same in all material respects as those the subject of *Chester K. Stoner* v. *United States* (42 Cust. Ct. 178, C.D. 2083), the claim of the plaintiffs was sustained.

No. 64199.—Union Brokerage Co. *v.* United States, protest 313656-K (Pembina).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of yellow cedar the same in all material respects as that the subject of *Border Brokerage Co. et al.* v. *United States* (39 Cust. Ct. 179, C.D. 1923), the claim of the plaintiff was sustained.

No. 64200.—Sandoz Chemical Works, Inc. *v.* United States, protest 270089-K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise does not contain ethyl alcohol and that the issue is similar to that in *United States* v. *Sandoz Chemical Works, Inc.* (46 C.C.P.A. 115, C.A.D. 711), the claim of the plaintiff was sustained.

No. 64201.—Teddy's House of Sea Food, Inc., et al. *v.* United States, protests 59/26898, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp.* v. *United States* (43 Cust. Ct. 49, C.D. 2101), the claim of the plaintiffs was sustained.

No. 64202.—The Coldwater Seafood Corp. *v.* United States, protest 59/27403 (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp.* v. *United States* (43 Cust. Ct. 49, C.D. 2101), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, MAY 17, 1960

No. 64203.—S. P. Skinner Co., Inc. *v.* United States, protests 229858–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of log fires similar in all material respects to those the subject of *United States* v. *S. P. Skinner Co., Inc.* (46 C.C.P.A. 105, C.A.D. 708), the claim of the plaintiff was sustained.

No. 64204.—Copco Eastern, Ltd. *v.* United States, protests 299919–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of parts of mining and construction machines, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, MAY 17, 1960

No. 64205.—Joseph Dixon Crucible Co. *v.* United States, protests 59/16773, 59/15265, and 59/11062 (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of amorphous graphite the same in all material respects as that the subject *The Asbury Graphite Mills, Inc., et al.* v. *United States* (42 Cust. Ct. 141, C.D. 2077), the claim of the plaintiff was sustained.