merchandise consists of fish similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp.* v. *United States* (43 Cust. Ct. 49, C.D. 2101), the claim of the plaintiff was sustained.

No. 64574.—Filetta Fish, a/c W. J. Byrnes v. United States, protests 59/13247, 59/18881, and 59/23392 (San Francisco).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp* v. *United States* (43 Cust. Ct. 49, C.D. 2101), the claim of the plaintiff was sustained.

No. 64575.—Fishery Products, Inc. v. United States, protests 59/21322 and 59/25171 (Cleveland).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp* v. *United States* (43 Cust. Ct. 49, C.D. 2101), the claim of the plaintiff was sustained.

No. 64576.—Eastern Commission Co., Inc. v. United States, protests 59/30632 and 59/30614 (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp.* v. *United States* (43 Cust. Ct. 49, C.D. 2101), the claim of the plaintiff was sustained.

No. 64577.—Joseph C. Murray & Co. and Pacmarine Products Co., Inc. v. United States, protests 59/30715 and 59/30729 (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp.* v. *United States* (43 Cust. Ct. 49, C.D. 2101), the claim of the plaintiffs was sustained.

No. 64578.—Quimet Stay & Leather Co. v. United States, protest 59/5113 (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise in question, invoiced as "4 casks Artificial resin harmless," was appraised as entered and that no appeal was filed by the collector, although on liquidation he used a higher value, it was held that the proper dutiable value of the merchandise was the entered value, as represented by the final appraised value.

BEFORE THE SECOND DIVISION, SEPTEMBER 21, 1960

No. 64579.—Douglas M. Homs & Co. et al. v. United States, protests 58/5070, etc. (San Francisco).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of scales similar in all material respects to those involved in Abstract 63285, the claims of the plaintiffs were sustained as follows: The material entered on or after June 6, 1951, was held dutiable at 13¾ percent ad valorem under paragraph 372, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739) ; that entered on or after June 30, 1956, at 13 percent under said paragraph, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade (T.D. 54108) ; and that entered on or after June 30, 1957, at 12 percent, as modified by T.D. 54108.

BEFORE THE SECOND DIVISION, SEPTEMBER 22, 1960

(Note: The following protests were decided by RAO and FORD, Judges; LAWRENCE, J., not participating.)

No. 64580.—Cara Supply and Joseph A. Paredes v. United States, protests 58/25773 and 58/25783 (San Francisco).

RAO, Judge: Certain imported coffee-brewing devices were classified by the collector of customs within the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for articles wholly or in chief value of steel, not specially provided for, and, accordingly, were assessed with duty at the rate of 21 per centum ad valorem, or 20 per centum ad valorem, depending upon the date of entry.