Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of vases in mineral colors similar in all material respects to those the subject of Abstract 62694, the claim of the plaintiff was sustained.

No. 64865.—Border Brokerage Company v. United States, protest 60/2364 (Seattle).

Opinion by JOHNSON, J. In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

No. 64866.—Rathjen Bros., Inc., et al. v. United States, protests 46287–K, etc. (San Francisco).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

### NOVEMBER 4, 1960

No. 64867.—B. Altman & Co. et al. v. United States, protests 59/15241, etc.— Protests abandoned October 5, 1960. (Not published.) (Initial No. 240413–K.) Plaintiffs' application for rehearing granted.

### NOVEMBER 7, 1960

No. 64868.—Sommers Fabrics Corp. v. United States, protests 285075–K, etc.— Protests abandoned September 29, 1960. (Not published.) (Initial No. 58/8679.) Plaintiff's application for rehearing granted.

No. 64869.—The Henneux Company v. United States, protest 58/16271.—

—Abstract 64621. (Initial No. 330301–K.) Plaintiff's application for rehearing granted.

### NOVEMBER 7, 1960

No. 64870.—SUIT 4987.—Barclay & Company, Inc. v. United States.—

—C.D. 2031 affirmed July 20, 1960. C.A.D. 745.

No. 64871.—SUIT 5001.—United States v. The Best Foods, Inc.—

—Abstract 62865 affirmed July 20, 1960. C.A.D. 751.

### BEFORE THE FIRST DIVISION, NOVEMBER 14, 1960

No. 64872.—Booth Fisheries Corporation v. United States, protest 59/15806 and 59/23796 (Portland, Maine).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp.* v. *United States* (43 Cust. Ct. 49, C.D. 2101), the claim of the plaintiff was sustained.

No. 64873.—Iceland Products, Inc., et al. *v.* United States, protests 59/30442, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to the fish blocks the subject of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp.* v. *United States* (43 Cust. Ct. 49, C.D. 2101), the claim of the plaintiffs was sustained.

No. 64874.—Arista Oil Products Corp. *v.* United States, protest 59/30828 (New York).

Opinion by WILSON, J. In accordance with oral stipulation of counsel that the merchandise was not derived from linseed oil, but that it was distilled from sperm whale oil, it was held that the merchandise is not subject to the tax imposed under the Internal Revenue Code.

BEFORE THE SECOND DIVISION, NOVEMBER 14, 1960

No. 64875.—Sunwear, Inc. *v.* United States, protest 59/8788 (Boston).

FORD, Judge: The merchandise in the case at bar, invoiced as "Chipwood Hats, Item No. 5250," was classified under paragraph 1504(b)(3) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at the rate of $2.28 per dozen and 11½ per centum ad valorem under the provision for "Hats, bonnets, and hoods, composed wholly or in chief value of straw, chip, * * * Blocked or trimmed, whether or not bleached, dyed, colored, or stained * * *."