(C.D. 2432)

GORTON'S OF GLOUCESTER, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 17, 1964)

*Henry L. Ziegel* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before OLIVER and WILSON, Judges

WILSON, Judge: The protest in the case at bar involves certain frozen fish blocks, consisting of prepared haddock and pollack meat frozen in bulk form, weighing approximately 13½ pounds, each block imported in a single carton (R. 2). There is no dispute about the

fact that each carton and its contents of fish weighs less than 15 pounds each.

The imported fish blocks were classified under paragraph 720(b) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, at the rate of 12½ per centum ad valorem as "Fish, prepared or preserved, not specially provided for: In immediate containers weighing with their contents not more than fifteen pounds each." Plaintiff claims the merchandise properly dutiable under said paragraph, as modified, at the rate of 1 cent per pound under the provision therein for "Fish, prepared or preserved, not specially provided for: * * * In bulk or in immediate containers, weighing with their contents more than fifteen pounds each."

Plaintiff called three witnesses who testified concerning the composition and production of the merchandise at bar, its ultimate use, and differences between fish fillets for the retail trade and fillets used in the making of blocks. Mr. Henry A. Lima, director of Canadian operations for Gorton Pew, Ltd., of Canada, shipper of the merchandise and subsidiary of the plaintiff corporation, testified that fish blocks such as those at bar are made from irregular pieces of fish which, after trimming, are processed into block form. The blocks are thereafter frozen under pressure (R. 5, 7). The witness explained that fish fillets for the retail trade have to be firm and clean, while the fillets used in making blocks are of second grade, soft, and not suitable for the retail trade. The merchandise in question is sold to make fish sticks and fish portions (R. 12). On cross-examination, Mr. Lima testified as follows:

X Q. Then, in your opinion, is the imported haddock block of fillets an article with its container weighing with the contents more or less than 15 pounds?— A. Considerably less. [R. 18]

Plaintiff's second witness was Mr. Anthony R. Francis, affiliated with the plaintiff corporation as director of production. He agreed with the testimony of plaintiff's previous witness as to the manufacture of fish blocks such as are here involved (R. 26). The testimony of plaintiff's third witness, director of sales for the plaintiff, bears little weight in the disposition of the issue here involved, it appearing that his work was not related to the importation of the fish blocks under consideration (R. 30).

Plaintiff, in its brief, cites as controlling of the issue herein the case of *The Lee Herrmann Co., a/c The Coldwater Seafood Corp.* v. *United States*, 43 Cust. Ct. 49, C.D. 2101, wherein the court held that certain fish in blocks were properly classifiable at the rate of 1 cent per pound under paragraph 720(b) of the tariff act, as modified, *supra*, as "Fish, prepared or preserved, not specially provided for: * * * In bulk or in immediate containers, weighing with their contents more than

fifteen pounds each," rather than classifiable at the rate of 2½ cents per pound under paragraph 717(b) of the said act as "Fish, fresh or frozen * * * filleted, skinned, boned, sliced, or divided into portions, not specially provided for." However, while the court therein held that the merchandise in question was not classifiable under the provision of paragraph 717(b) of the tariff act, but were fish blocks properly classifiable as such under paragraph 720(b) of the act, it must be noted that the merchandise in the *Lee Herrmann* case, *supra*, while fish in blocks, also satisfied the weight requirement of the paragraph, namely, weighing with the contents more than 15 pounds each.

In the case at bar, plaintiff would have us interpret paragraph 720 (b) of the tariff act so as to read, in effect, "Fish, prepared or preserved, not specially provided for: (a) In immediate containers weighing with their contents not more than fifteen pounds each; (b) In bulk; and (c) In immediate containers, weighing with their contents more than fifteen pounds each," thus setting up three categories in the paragraph, instead of two categories by weight, the first for fish weighing not more than 15 pounds and the second for such fish weighing more than 15 pounds each. In our opinion, this interpretation is unwarranted. We are fortified in this conclusion by reference to the context of the second provision of paragraph 720(b), here under consideration, namely, "In bulk or in immediate containers, weighing with their contents more than fifteen pounds each." There is no semicolon after the words "In bulk" in said provision, but after the words "In bulk or in immediate containers," there follows a comma and then the qualifying clause "weighing with their contents more than fifteen pounds each." In our opinion, the latter clause modifies the language "In bulk or in immediate containers" and not merely the words "in immediate containers." Accordingly, the weight limitation as to merchandise such as that at bar, weighing more than 15 pounds each, is applicable to such merchandise whether shipped "In bulk" or "in immediate containers."

As originally enacted, paragraph 720(b) of the Tariff Act of 1930 provides:

Fish, prepared or preserved, not specially provided for, in immediate containers weighing with their contents *not more than fifteen pounds each*, 25 per centum ad valorem; in bulk or in immediate containers, weighing with their contents *more than fifteen pounds each*, 1¼ cents per pound net weight. [Emphasis supplied.]

The General Agreement on Tariffs and Trade, T.D. 51802, which reduced the rate of duty on merchandise such as here involved, clearly shows that the relevant paragraph (720(b)) contains two distinct categories by weight, as follows:

In immediate containers weighing with their contents *not more than fifteen pounds each*_____ 12½% ad val.

In bulk or in immediate containers, weighing with their con-
tents *more than fifteen pounds each* [Emphasis supplied.]_____ 1¢ per lb.
net wt.

The provisions of the paragraph in question have not been modified by any congressional action so as to render support to the plaintiff's claim in this case. Counsel for the plaintiff, in its reply brief, evidently relies upon a so-called revision of the tariff act by the United States Tariff Commission, effective July 1, 1958, alleging that such revision does not contain the weight limitations heretofore discussed. However, such publications, specifically the language contained therein, cannot render obsolete the provisions of a tariff act enacted by Congress. The Tariff Commission itself has recognized this fact. In its publication "United States Import Duties (1958) TC 1.10:Im 7/4/958," the following statement is made:

> The presentation of the schedules in the form in which they appear in this publication required the exercise of some judgment of an interpretative nature. Every care has been taken to make this presentation accurate, and it is believed to be accurate, *but it must be recognized that in the final analysis the resolution of any dispute as to the proper classification and rate of duty for particular articles must be based on the original documents on which this publication is based: the acts of Congress and Presidential proclamations made in pursuance of congressional authority.* [Emphasis supplied.]

Congress clearly made weight limitations covering merchandise such as that at bar and classification of such merchandise is circumscribed by these qualifying limitations.

For reasons heretofore advanced, we are of opinion that the plaintiff's claim in this case is without merit. The merchandise in question is properly dutiable at the rate of 12½ per centum ad valorem under paragraph 720(b) of the Tariff Act of 1930, as modified, *supra*, under the provision therein for "Fish, prepared or preserved, not specially provided for: In immediate containers weighing with their contents not more than fifteen pounds each," as classified. The protest is overruled.

Judgment will issue accordingly.